1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DESMON LOEB,

11          Plaintiff,               No. CIV S-07-0139 GEB EFB P

12      vs.

13   AUDETTE, et al.,                ORDER DENYING PLAINTIFF'S MOTION TO
                                     COMPEL AND DIRECTING THE FILING OF
14          Defendants.              PRETRIAL STATEMENTS

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Plaintiff alleges that defendants were deliberately indifferent to his medical

18   needs when they failed to assist him in decontamination following facial exposure to pepper-

19   spray.  Currently pending before the court is plaintiff's January 28, 2008 "motion for discovery,"

20   which on April 18, 2008, the court construed as a motion to compel discovery responses.  For the

21   reasons stated below, plaintiff's motion is denied and the court will now set the matter for

22   pretrial conference.

23       Plaintiff's motion does not state which discovery responses he seeks to compel, or

24   whether the discovery he seeks are answers to interrogatories or the production of documents.

25   Plaintiff merely states that he had requested that defendants identify the ingredients and

26   manufacturer of chemical agents and the risks and effects of chemical exposure.  He also asks for

1

1  unspecified sanctions for defendants' failure to comply with his discovery requests and he

2  requests what he refers to as preferred legal user access to the library.

3       Defendants presume, in their opposition brief, that plaintiff seeks to compel responses to

4  his requests for production of documents propounded on defendant Callison.  Defendants attach

5  as Exhibits A and B to their opposition brief defendant Callison's responses to plaintiff's first

6  and second document production requests, wherein Callison makes various objections to

7  plaintiff's requests regarding the ingredients, risks and effects of pepper spray.  Notwithstanding

8  the objections, defendant Callison, a medical technical assistant at High Desert State Prison,

9  states that he has no documents responsive to plaintiff's requests in his possession, custody or

10  control.  Plaintiff argues in his reply brief that defendant has an obligation to reasonably attempt

11  to obtain the requested documents.  Defendant, however, is not obligated to forward plaintiff's

12  requests to those who may have possession, custody or control of the requested documents.

13  Accordingly, plaintiff's motion to compel and request for unspecified sanctions is denied.

14       Plaintiff's request for "preferred" library access is also denied.  Plaintiff is not under a

15  present obligation to submit, prepare and file a legal brief under narrow time constraints.  The

16  deadline for filing dispositive motions in this case was February 1, 2008.  *See* Sept. 17, 2007

17  Order 4:15-17.  No dispositive motions were filed.  Moreover, plaintiff cannot demonstrate that

18  his right of access to the courts is being impaired.  *See Lewis v. Casey*, 518 U.S. 343, 346, 384

19  (1996).

20       As noted above, the deadline for filing dispositive motions in this action has passed and

21  no dispositive motions were filed.  Accordingly, the court will now set the matter for pretrial

22  conference and the trial date will be set in the forthcoming pretrial order.  Plaintiff is advised that

23  failure to comply with the procedures set forth below may result in the preclusion of any and all

24  witnesses named in his pretrial statement.

25       At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of

26  the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1.  The prospective witness is willing to attend; and

2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1.  State the name, CDC Identification number, and address of each such witness; and

2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.  The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

////

////

2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.  The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify. Or

2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of

4

1    such witnesses.  Such motion should be in the form described above.  In addition, the party must

2    indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3         III.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

4                 Agree to Testify Voluntarily

5         It is the responsibility of the party who has secured an unincarcerated witness' voluntary

6    attendance to notify the witness of the time and date of trial. No action need be sought or

7    obtained from the court.

8         IV.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

9                 Refuse to Testify Voluntarily

10        If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily,

11   not earlier than four weeks and not later than two weeks before trial, the party must prepare and

12   submit to the United States Marshal a subpoena for service by the Marshal upon the witness.

13   (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the

14   witness's presence must tender an appropriate sum of money to the witness through the United

15   States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the

16   daily witness fee of $40.00 plus the witness's travel expenses.

17        A subpoena will not be served by the United States Marshal upon an unincarcerated

18   witness unless the subpoena is accompanied by a money order made payable to the witness for

19   the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy

20   of the court's order granting plaintiff *in forma pauperis* status.  Because no statute authorizes the

21   use of public funds for these expenses in civil cases, the tendering of witness fees and travel

22   expenses is required even if the party was granted leave to proceed *in forma pauperis*.

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's January 28, 2008 "motion for discovery," construed as a motion to compel,

25   is DENIED.

26   ////

1    2.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

2    obtain the attendance of witnesses at trial within thirty days of the filing of this order.  Plaintiff is

3    admonished that failure to file a pretrial statement may result in the imposition of sanctions,

4    including dismissal of this action.

5    3.  Defendants shall file their pretrial statement not later than twenty days after plaintiff's

6    pretrial statement is filed.

7    4.  Pretrial conference (as described in Local Rule 16-282) will be conducted on the file

8    only, without appearance by either party.

9    5.  The date for jury trial before the Honorable Garland E. Burrell, Jr. will be set in

10   the pretrial order.

11   DATED:  December 18, 2008.

12

13                                           EDMUND F. BRENNAN
                                             UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26